FILED MAR 2 7 2014
ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

TIMIE DEWAYNE WILLIAMS, )
)
Petitioner, )
)
vs. ) No. CIV-13-558-W
)
ROBERT PATTON, Director, Oklahoma )
Department of Corrections,[1] )
)
Respondent. )

## ORDER

On March 7, 2014, United States Magistrate Judge Shon T. Erwin issued a Report and Recommendation in this matter and recommended that the Petition for a Writ of Habeas Corpus ("Petition") filed by petitioner Timie DeWayne Williams, a state inmate appearing through counsel, be denied. Williams was advised of his right to object, see Doc. 11 at 14, and the matter now comes before the Court on Williams' Objection to the Report and Recommendation. See Doc. 12.

Upon de novo review of the record, the Court concurs with Magistrate Judge Erwin's suggested disposition of Williams' Petition. Williams was convicted in the District Court for Comanche County, Oklahoma, of the crime of murder in the first degree, State v. Williams, Case No. CF-2006-365, and, in accordance with the jury's recommendation, on July 28, 2008, he was sentenced to life imprisonment. His conviction and sentence were affirmed

---

[1] Williams is incarcerated at Lawton Correctional Center ("LCC"), a private prison. Because the Oklahoma Department of Corrections ("ODOC") bears responsibility for the custody and supervision of inmates housed in private prisons, Robert Patton, ODOC Director, is SUBSTITUTED for Hector A. Rios, Jr., LCC Warden, as respondent in this action.

by the Oklahoma Court of Criminal Appeals ("OCCA") on March 2, 2012. Williams v. State, No. F-2009-1136 (Okla. Crim. 2012).

Williams was charged with, and convicted of, the shooting death of Ralph Roe. Williams' identity as the shooter was established in part through the testimony of Isaac Hutchinson, the individual who gave Williams the pistol used in the shooting. Hutchinson had been charged prior to Williams' trial with the crime of accessory to a felony, in violation of title 21, section 175 of the Oklahoma Statutes. State v. Hutchinson, Case No. CF-2006-369. Williams' trial concluded on May 7, 2008, and the charge against Hutchinson was dismissed on August 25, 2008.

Williams has contended that the failure of the State of Oklahoma ("State") to disclose a tacit arrangement or "an unspoken agreement," Doc. 12 at 10, between the State and Hutchinson regarding Hutchinson's testimony, whereby Hutchinson would be rewarded with leniency on the pending felony charge, violated his (Williams') right to due process under the fourteenth amendment to the United States Constitution.

This claim was presented to, and denied by, OCCA, which, relying on the trial court's findings of fact[2] and citing Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972), determined that Williams had failed to make the "threshold showing," Doc. 8-7 at 8, that the State had "an agreement . . . [with] Hutchinson for favorable treatment in his case in exchange for his testimony at Williams' trial." Id.

---

[2]After an evidentiary hearing, the trial court found "that there [was] . . . no evidence of any agreement between the State and . . . Hutchinson at the time of trial to provide him with some benefit in exchange for his testimony against Williams." Doc. 8-5 at 2; e.g., id. (concluding that record was "totally void" of any evidence of an agreement between Hutchinson and the State at time of trial).

2

OCCA found that "[a]though Hutchinson may have been expecting or hoping for some benefit from his testimony, the record of the evidentiary hearing [held by the trial court] provide[d] no evidence of any corresponding promise from the prosecutors." Id.

This Court is bound by the standards set forth in the Anti-terrorism and Effective Death Penalty Act of 1996, and accordingly, may only grant habeas relief if OCCA's adjudication of Williams' claim "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the [United States] Supreme Court . . . ," 28 U.S.C. § 2254(d)(1), or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. § 2254(d)(2). Williams is therefore only entitled to federal habeas relief if he has demonstrated that OCCA's adjudication of his claim "was 'legally or factually unreasonable.'" Gipson v. Jordan, 376 F.3d 1193, 1197-98 (10th Cir. 2004)(quoting Aycox v. Lytle, 196 F.3d 1174, 1178 (10th Cir. 1999)).

Upon review of the record and after applying the foregoing standards, the Court finds that OCCA's rejection of Williams' claim was not contrary to, and did not involve an unreasonable application of, clearly-established Supreme Court precedent.

Accordingly, the Court

(1) ADOPTS the Report and Recommendation [Doc. 11] issued on March 7, 2014;

(2) DENIES Williams' Petition [Doc. 1] filed on May 30, 2013; and

(3) ORDERS that judgment in favor of respondent Robert Patton, Director, Oklahoma Department of Corrections, issue forthwith.

ENTERED this 27th day of March, 2014.

LEE R. WEST
UNITED STATES DISTRICT JUDGE